UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CAROLYN S. CROFT, | * | JURY DEMAND |
| --- | --- | --- |
| Plaintiff, | * | No. 1-13-cv-184 |
| v. | * | |
| TENNESSEE DEPARTMENT OF TRANSPORTATION, | * | |
| Defendant. | * | |

## COMPLAINT

Comes the Plaintiff, by and through her attorneys, and files her Complaint against Defendant, alleging as follows:

1. Plaintiff is a resident of Polk County, Tennessee.

2. Plaintiff was employed by Defendant in Cleveland, Bradley County, Tennessee. Defendant's operations are sufficient to classify Defendant as "employer" within the meaning of all relevant laws.

3. The business activities of the Defendant, including, but not limited to the number of employees employed by it, are sufficient to render it subject to the provisions of the Equal Pay Act, 29 U.S.C. § 206, *et seq*.

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, venue is proper pursuant to 28 U.S.C. § 1391.

5. Plaintiff is female.

6. Plaintiff was hired by the Tennessee Department of Transportation ("TDOT") on or about August of 2000 with a TDOT job classification of Transportation Assistant 1 ("TA1") to assist a lead inspector on construction projects by documenting the work that was occurring in her assigned area.

7. On or about June of 2011, Plaintiff was informed by project supervisor William Curtis that James "Mickey" McDonald had been out of the office for two months for health reasons, and Defendant wanted Plaintiff to move into the office as soon as possible to do McDonald's job. Curtis told Plaintiff that as soon as she was trained, she would be promoted to a Transportation Technician 3 ("Tech 3") job classification with pay equal to the pay of McDonald.

8. After completing several days of training, on or about August 15, 2011, Plaintiff started working full-time in Defendant's office, and by September of 2011, she had taken on all of the job duties performed by McDonald with the exception of a weekly report to Chattanooga regarding road closures and detours.

9. After approximately 90 days of fully assuming McDonald's job duties, Plaintiff began speaking with Defendant on a monthly basis about receiving equal pay and the appropriate job classification, but Defendant did not respond.

10. On or about December 13, 2012, McDonald, who was working in another office, sent an email to Kay Everett in human resources on Plaintiff's behalf, informing Defendant that Plaintiff had been working "outside her class for 18 months." Shortly thereafter, Everett and Ray Rucker came to the Cleveland office where Plaintiff worked and told her they would remedy the problem. Approximately four weeks later, Rucker told Plaintiff that they had requested a pay raise for her with the human resources office in Nashville.

11. Approximately four months later, Everett contacted Plaintiff to discuss her title and payment situation, and Plaintiff told Everett that she had retained an attorney.

12. Thereafter, on or about May 8th, 2013, and in retaliation for Plaintiff's complaints regarding equal pay and gender discrimination, Defendant told Plaintiff that human resources had denied her request for a title change and that she would be demoted back to the field in the paving department by June 1st, 2013.

13. Throughout the time that she worked for Defendant, Plaintiff was treated differently than the male employees with respect to job duties, interpersonal communication, and pay.

## COUNT I

14. The Defendant is unlawfully compensating the Plaintiff in violation of the Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff has unlawfully been denied equal pay to which she is entitled.

## COUNT II

15. The Defendant is discriminating against Plaintiff on account of her gender in violation of T.C.A. § 4-21-401(a)(1). Plaintiff has unlawfully been denied pay to which she is entitled, causing her economic loss and embarrassment.

## COUNT III

16. The Defendant retaliated against Plaintiff in violation of Tenn. Code Ann. § 4-21-301(1) when she opposed a discriminatory practice by complaining about the denial of equal pay. Plaintiff was unlawfully demoted back to an outdoor field position in paving, causing her economic loss and embarrassment.

17. As a result of all of the Defendant's wrongful conduct, the Plaintiff has suffered lost pay, benefits, and the humiliation and embarrassment flowing from the discriminatory and retaliatory treatment described herein.

WHEREFORE, Plaintiff accordingly prays for the following relief:

a. That proper process be issued and Defendant be required to answer within the time provided by law;

b. Back pay and liquidated damages for the Defendant's willful violations of the Equal Pay Act;

c. Back pay, reinstatement to the office position or front pay in lieu of reinstatement, compensatory damages, and all other damages allowed for the Defendant's violations of the Tennessee Human Rights Act (THRA);

d. Any equitable relief due;

e. Pre- and post-judgment interest;

f. Attorneys' fees and costs as provided by each and every applicable statute; and

g  Such further relief to which Plaintiff may be deemed entitled.

h. Plaintiff demands a jury to try all issues.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: _____
Frank P. Pinchak, No. 002094
William H. Payne, No. 029509
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324